HUMAN RIGHTS COMMISSION — INVESTIGATION OF DISCRIMINATION COMPLAINTS AND PERSONNEL BOARD TO CONDUCT HEARINGS AND ISSUE ORDERS It is the opinion of the Attorney General that the Oklahoma Human Rights Commission may receive and investigate complaints from personnel employed by or seeking employment with the State. It is the opinion of the Attorney General that it is the duty of the State Personnel Board to conduct hearings on complaints with respect to discriminatory practices by the State of Oklahoma as to personnel employed by or seeking employment with the State. It is the opinion of the Attorney General that with respect to discrimination in State employment, 74 O.S. 954 [74-954] (1970), is controlling and vests authority with the State Personnel Board. The Attorney General has had under consideration your letter in which you ask the following questions. "1. Are persons employed by or seeking employment with State of Oklahoma entitled to file complaints with the Oklahoma Human Rights Commission pertaining to discriminatory employment practices? "2. May the Oklahoma Human Rights Commission hold hearings on such complaints? "3. May the Oklahoma Human Rights Commission issue orders affecting State agencies under 25 O.S. 1505 [25-1505] (1970)?" In 1963, the Legislature created the Oklahoma Human Rights Com mission by Senate Bill No. 273 which may be found at 74 O.S. 951 [74-951] through 74 O.S. 954 [74-954] (1970). Thereafter, in 1968 the Legislature passed statutes prohibiting discriminatory practices and empowering the Human Rights Commission to conduct investigations and hold hearings if discriminatory practices were discovered. These provisions are found in 25 O.S. 1101 [25-1101] through 25 O.S. 1802 [25-1802]. Your questions deal with the Oklahoma Human Rights Commission's power to act in the event of discriminatory practices by the State of Oklahoma with respect to persons employed or seeking employment with the State. In reading the two acts previously referred to, there appears to be a question as to whether or not the Human Rights Commission or the State Personnel Board has the primary responsibility for dealing with discriminatory practices by a State agency. The original act creating the Human Rights Commission provided for discrimination with respect to State employment as found in 74 O.S. 954 [74-954] (1970) as follows: "It is hereby prohibited for any department or agency of the State of Oklahoma, or any official or employee of the same for and on behalf of the State of Oklahoma: to refuse to employ or to discharge any person, otherwise qualified, on account of race, color, creed, national origin, or ancestry; to discriminate for the same reasons in regard to tenure, terms, or conditions of employment; to deny promotion or increase in compensation solely for these reasons; to publish an offer of employment based on such discrimination; to adopt or enforce any rule or employment policy which so discriminates as to any employee; or to seek such information as to any applicant or employee or to discriminate in the selection of personnel for training solely on such basis. These provisions shall be cumulative and in addition to the provisions of Title 74, Oklahoma Statutes 1961, 818, relating to discrimination in the classified service. "It shall be the duty of the State Personnel Board to investigate, upon its own initiative, upon complaint filed by any aggrieved person, or upon complaint filed by the Human Rights Commission, any violation of the section and to enforce compliance with the same both in the classified and the non-classified service. The Human Rights Commission shall investigate, upon its own initiative or on complaint filed with it, any such violation and may file a formal complaint with the State Personnel Board. When any complaint is filed by the Human Rights Commission with the State Personnel Board, the State Personnel Board, shall set a hearing on the same, at which hearing the Director of the Human Rights Commission or his representative, may appear and present the finding of the Commission in regard to such violation. In the enforcement of this section, the State Personnel Board shall follow the provisions of Title 74 Oklahoma Statutes 1961, 833, relating to hearings, procedures, and notices, and shall have power to enforce its orders pertaining to violations of this section as is provided by law in regard to the classified service." The act further provided in 74 O.S. 953 [74-953](e) (1970) that the Commission: "Shall receive and investigate complaints of discrimination and recommend ways of eliminating any injustices occasioned thereby and serve as conciliator in regard thereto, and, in particular, shall receive and investigate complaints of violation of Section 4 of this act (74 O.S. 954 [74-954] (1970)), relating to discrimination in State employment, and file its findings with the State Personnel and the Governor and serve in an advisory capacity in regard to discrimination in State employment to the Governor and to said Board with the right to appear before said Board in regard thereto." (Emphasis Added) As previously indicated, the Legislature in passing a new act prohibiting discrimination, gave to the Oklahoma Human Rights Commission the power to receive complaints; conduct hearings thereon; and issue cease and desist orders if after a hearing the Commission found that the employer was engaged in discriminatory practices. Title 25 O.S. 1301 [25-1301](1) (1970) defines employer as: Employer means a person who has 25 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year, . . ." (Emphasis added) Within the act, there is a further definition of the word person as found at 25 O.S. 1201 [25-1201](5) (1970): "Person includes an individual, association, corporation, . . .incorporated organization, any other legal or commercial entity, the State or any government entity or agency." (Emphasis added) In combining these definitions, it may be interpreted that the State is an employer under the meaning of this act. Under 25 O.S. 1501 [25-1501] (1970) it is further provided: "Within the limitations provided by law, the Human Rights Commission (74 O.S. 952 [74-952]) has the following additional powers: . . . "(3) To receive, investigate, seek to conciliate, hold hearings on, and pass upon complaints alleging violation of this act; . . ." An examination of all the statutes referring to this matter seem to provide the Human Rights Commission with the power to receive and investigate all complaints; hold hearings on such complaints; and issue orders within the limitations which have otherwise been provided by law. By citing the provisions of Title 74, creating the Oklahoma Human Rights Commission, in Title 25 of the Oklahoma Statutes prohibiting discrimination, it appears that the Legislature intended Title 25 be read in conjunction with Title 74. It is further noted that Title 25 did not amend nor repeal any of the provisions contained in Title 74 and that these provisions must, therefore, still apply. Under statutory provisions previously cited from Title 74, it seems evident that while the Human Rights Commission may receive complaints and conduct investigations on matters involving employment practices of State employees; that in matters relating to discrimination it is the duty of the State Personnel Board to conduct the hearings thereon and issue and enforce its orders resulting from the violations of the act. It is the opinion of the Attorney General that the answer to your first question is in the affirmative. The Oklahoma Human Rights Commission may receive and investigate complaints from personnel employed by or seeking employment with the State. It is the opinion of the Attorney General that the answer to your second question is in the negative. It is the duty of the State Personnel Board to conduct hearings on complaints with respect to discriminatory practices by the State of Oklahoma as to personnel employed by or seeking employment with the State. It is the opinion of the Attorney General that the answer to your third question be in the negative. That Title 25 provides the Human Rights Commission general power to grant relief after a determination of discriminatory practice; but as to discrimination in State employment, 74 O.S. 954 [74-954] (1970) is controlling and vests authority with the State Personnel Board. (Paul C. Duncan) ** SEE: OPINION NO. 71-422 (1971) **